Island Life Chiropractic, P.C., as Assignee of Personna, Jean, Appellant, 
against
Travelers Insurance Company, Respondent. 




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Office of Aloy O. Ibuzor (Tricia Prettypaul of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered July 26, 2017. The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for a new trial on the issue of whether the requested verification remains outstanding.
In this action by a provider to recover assigned first-party no-fault benefits, the sole issue for trial (see CPLR 3212 [g]) was whether the additional verification requested by defendant remained outstanding. At the nonjury trial, the Civil Court (Robin Kelly Sheares, J.), with no testimony having been presented, granted a motion by defendant for a directed verdict, on the ground that plaintiff had failed to produce a witness to show that plaintiff had mailed the requested verification. Plaintiff appeals from a judgment, entered July 26, 2017, which dismissed the complaint. 
In a prior order denying defendant's motion for summary judgment dismissing the complaint, the Civil Court (Katherine A. Levine, J.) made the following four findings "for all purposes in this matter pursuant to CPLR 3212 (g)": that plaintiff had timely submitted its bills to defendant, that defendant had received the bills, that the bills remained unpaid, and that defendant had timely mailed verification requests to plaintiff.[FN1]
The motion court found that [*2]plaintiff had raised a triable issue of fact as to whether it had provided the requested verification, and held that the only issue for trial was "whether the requested verification remains outstanding." 

Where a no-fault insurer is relying on the defense that an action is premature because verification is outstanding, it is the defendant insurer's prima facie burden at trial to demonstrate (1) that verification requests were timely mailed and (2) that the defendant did not receive the requested verification (see 11 NYCRR 65-3.8 [a]; Right Aid Med. Supply Corp. v State Farm Mut. Auto. Ins. Co., 58 Misc 3d 140[A], 2017 NY Slip Op 51857[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). As there was a finding for all purposes in this action that defendant had timely mailed verification requests to plaintiff, defendant did not have to prove this element of its defense at trial. In contrast, there was no finding that defendant had not received the requested verification. If the motion court had also found, for all purposes in the action, that defendant had not received the requested verification, meaning that that fact could no longer be disputed or rebutted, then, rather than denying defendant's motion for summary judgment and making CPLR 3212 (g) findings, the appropriate course of action in this case would have been to grant summary judgment to defendant (see EMC Health Prods., Inc. v Geico Ins. Co., 43 Misc 3d 139[A], 2014 NY Slip Op 50786[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Instead, the motion court simply found that plaintiff had raised a triable issue of fact as to that question, the only impact of which was that a trial, limited to the issue of "whether the requested verification remains outstanding," would take place (see Vitality Chiropractic, P.C. v New York Cent. Mut. Fire Ins. Co., 17 Misc 3d 34 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). 

CPLR 3212 (g) permits the limitation of issues for trial by the specification of facts that "are not in dispute or incontrovertible"; it does not permit the kind of burden shifting engaged in by the trial court as to issues which remain triable—here, by requiring plaintiff to commence the trial to establish that the outstanding verification had been mailed (see id.). Since the motion court had previously found that a trial was warranted, it remained defendant's initial burden to present testimony to demonstrate that it had not received the requested verification, before the burden shifted to plaintiff to prove that it had provided responses. Consequently, the trial court erred in, in effect, requiring plaintiff to present its proof first at the limited trial and, when plaintiff failed to present a witness to testify with respect to plaintiff's assertion that it had mailed the requested verification to defendant, granting defendant's motion for a directed verdict.

Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial on the issue of whether requested verification remains outstanding.

ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: August 02, 2019



Footnotes

Footnote 1:The court specifically stated that the requests were mailed. The finding that they were timely mailed is implicit in the court's order.